[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 13, 2009
THOMAS K. KAHN
CLERK

No. 08-15673
Non-Argument Calendar

_____

Agency No. A098-730-701

ALEJANDRO MENDOZA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 13, 2009)

Before CARNES, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Alejandro Mendoza petitions for review of the denial of his application for

asylum and withholding of removal under the Immigration and Nationality Act and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, and Degrading Treatment or Punishment. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 208.16(c). The Board affirmed the rulings of the immigration judge that Mendoza was not credible and that he failed to establish past persecution. We deny the petition.

We review the decision of the Board to determine whether it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "To reverse [those] fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). We review the legal conclusions of the Board de novo. Id. at 1287 n.6. When the Board adopts the findings of the Immigration Judge, we review the decision of the Immigration Judge. Al Najjar, 257 F.3d at 1284.

Substantial evidence supports the finding that Mendoza was not credible, see id. at 1283–84, and the immigration judge provided specific and cogent reasons to support that finding. Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1231 (11th Cir. 2006) (per curiam). Mendoza provided dubious accounts about two encounters with members of the Bolivarian Circles. Mendoza stated in his application that the first encounter involved one individual, but he later testified that he was

2

approached by two men. Mendoza blamed his inconsistency on a lack of counsel, but as explained by the immigration judge, "one should not need advice to tell the truth about what happened." Mendoza even changed his description of the clothing worn by his assailants by first testifying that the men wore red and blue shirts and later testifying that the men wore red shirts and bandannas. Mendoza provided an implausible account of how, during the second encounter, his attackers held a gun to his head for an hour and spoke only two or three sentences to him about how it would be "worse for" him and his uncle if he did not provide information about his uncle's opposition party and that "it [would] be good" for him if he cooperated. Mendoza failed to provide any details about the kidnapping, his conversation with the kidnappers, or why they ultimately released him. Mendoza alleged that his intimidators demanded information about the parcels that he delivered for his uncle, but failed to mention whether those men attempted to seize or open the packages that he was carrying. Mendoza offers no explanation for these inconsistencies, vagueness, or implausible stories to compel us to reverse the adverse credibility finding. Id.

Substantial evidence also supports the conclusion that Mendoza did not suffer past persecution. According to Mendoza, he was told in telephone conversations and the encounters that he would be "treat[ed] better" if he divulged information about his uncle's opposition party and threatened that "it would go

3

very bad" for him and his uncle if he refused, but threats and harassment do not constitute persecution.  See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (per curiam) ("[M]ere harassment does not amount to persecution."  Persecution requires "more than a few isolated incidents of verbal harassment or intimidation." (internal quotation marks omitted)).  Mendoza also alleged that his intimidators displayed weapons, but he admitted that he was never physically harmed.  See Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1238 (11th Cir. 2006).

We **DENY** Mendoza's petition for review.